No. 19015—The Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Henry Potter. Error to the Court of Appeals of Cuyahoga county.

923. PLEADING—Where a legal duty is relied upon as a ground of recovery, the fact creating the duty must be alleged in the petition.

829. NEGLIGENCE—Where a person not an employee rides a train without invitation or inducement of company, he is a trespasser and railroad owes him no duty except not to wilfully or wantonly injure him.

JONES, J.

1. Where a plaintiff relies upon a legal duty due him from a defendant as a ground for recovery, the facts creating such duty should be alleged in his petition.

2. In the absence of allegations giving rise to such duty, the admission of testimony and a charge of the court imposing such duty are erroneous, if objections thereto are duly made by the defendant.

3. One not being at the time engaged as an employe of a railroad company, who without its invitation or inducement, voluntarily and for his own convenience rides on the end sill of a baggage car, and from that position steps down in front of a passing locomotive, thus placing himself in a perilous situation of which the company has no knowledge, is a mere licensee to whom the company only owes the duty of refraining from wantonly or wilfully injuring him and to exercise ordinary care after discovering his peril.

Judgment reversed and judgment for plaintiff in error.

No. 23

No. 19288—The Cincinnati Traction Co. v Public Utilities Commission et al.

No. 19313—The Cincinnati Traction Co. v Public Utilities Commission et al.

No. 19291—Bernard Drees v. Public Utilities Commission.

No. 19293—Bernard Drees v Public Utilities Commission.

No. 19304—Edwin G. Becker, Rcr. v Public Utilities Commission.

Error to the Public Utilities Commission.

681. JURISDICTION—Application for motor transportation between cities not contiguous is under exclusive jurisdiction of Public Utilities, and is immaterial if combined with intra-city transportation.

1105. STATUTES—Provision for filing by Bus Co., under 614-87 GC. for additional equipment applys only to companies that are under equipped.

941. PRACTICE & PROCEDURE—Where protests are filed against the granting of a certificate of convenience and necessity; and a hearing is had before the three full weeks allowed after notice, and no objections are made at the hearing, order of Public Utilities Commission held not unreasonable or unlawful on that ground.

MARSHALL, C. J.

1. The amendment to Sections 614-84 and 614-86, General Code, effective June 14, 1925, denying to the public utilities commission jurisdiction over motor transportation "used for the transportation of persons or property, or both, and which are operated exclusively within the territorial limits of a municipal corporation, or within such limits and the territorial limits of municipal corporations immediately contiguous thereto," does not deprive the commission of jurisdiction over proceedings which were filed May 21, 1925, and heard and finally submitted to the commission on June 10, 1925.

2. An application for motor bus transportation over a route between cities not contiguous to each other is within the exclusive jurisdiction of the commission and such jurisdiction is not defeated by the fact that such interurban operation will be operated in conjunction with a service already established which is purely intracity.

3. The provision in Section 614-87, General Code, requiring "not less than sixty days," notice of an order of the commission for additional service applies only to motor transportation companies which have been found by the commission not to be giving "convenient and necessary service" and the sixty days time therein mentioned is for the purpose of purchasing and installing such additional equipment as may be found by the commission to be necessary.

4. The provision in Section 614-87, General Code, requiring five days notice to the grantee of a certificate applies to a citation against any certificate holder to show cause why such certificate should not be revoked, altered or amended for non-compliance with the orders of the commission or the requirements of any statute. Such five days' notice applies not only to the revocation, alteration or amendment of a certificate but also applies equally to the revocation, alteration or amendment of the authority for the issuance of such certificate where no certificate has in fact been issued.

5. Where a motor transportation company was operating in good faith on April 28, 1923, its right to proceed by affidavit filed with the commission under the provisions of section 614-87 as originally enacted could only be employed prior to May 2, 1925. By virtue of the amendment to Section 614-87, General Code, which was passed May 2, 1925, a time limitation was placed upon proceeding by affidavit and after that date it becomes necessary to proceed by application and notice.

6. The amendment to Section 614-87, General Code (111 O. L., 512), was adopted by the legislature on April 17, 1925, and presented to the governor on April 21, 1925, and was neither approved nor disapproved by him and its passage therefore dates from the period of ten days from the time of such presentation to the governor, Sundays excepted, to wit, May 2. 1925.

7. The time for hearing an application for a certificate for motor transportation service is governed by Section 614-91 General Code, and such application should not be heard by the commission until three full weeks have elapsed from the first publication of notice.

8. Where protests are filed against the granting of a certificate of convenience and necessity and a hearing takes place upon such protests before the expiration of three full weeks from the time of publication of notice and no objection is made at the time of hearing and no application for continuance and no showing of inability to secure evidence, or other prejudice, and no protestant appears subsequent to the hearing and within the period of three weeks from the date of first publication, the order of the commission will not be held to be unreasonable or unlawful on that ground.

Orders affirmed.